IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| JEREMY N. ROGERS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )  No.  15-cv-02172 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This matter is before the Court on Petitioner Jeremy N. Rogers' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (d/e 1). The Motion is DENIED. Petitioner's claim is barred by the waiver in his Plea Agreement. Even if the claim were not barred, Petitioner is not entitled to relief on the merits because none of Petitioner's qualifying convictions were based on the residual clause of the Armed Career Criminal Act.

## I. BACKGROUND

In March 2010, Petitioner was charged with being a felon in possession of a firearm. United States v. Rogers, No. 10-cr-20011 (d/e 1). In December 2010, Petitioner pleaded guilty pursuant to a written Plea Agreement under Federal Rule of Criminal Procedure 11(c)(1)(C). Id. at Plea Agreement (d/e 16); Report and Recommendation (d/e 20); Order Approving Magistrate Recommendation (d/e 22). Accordingly, if the Court rejected the terms of the Plea Agreement, the agreement would be void and neither party would be bound. Plea Agreement ¶ 3.

In the Plea Agreement, the parties stipulated that Petitioner was an Armed Career Criminal. Plea Agreement ¶ 9. The parties also agreed that the appropriate sentence was 212 months' imprisonment. Id. ¶ 18. In addition, the Plea Agreement contained a collateral attack waiver, which provided, in part, as follows:

> [I]n exchange for the concessions made by the United States in this Plea Agreement, including an agreement to be sentenced to the minimum sentence as set forth above, the defendant hereby knowingly and voluntarily waives his right to challenge any and all issues relating to his Plea Agreement conviction and sentence, including any fine or restitution, in any collateral attack,

> including, but not limited to, a motion brought under Title 28, United States Code, Section 2255. The defendant acknowledges and agrees that the effect of this waiver is to completely waive any and all rights and ability to appeal or collaterally attack any issues relating to his conviction and to his sentence so long as the defendant is sentenced as set forth in this Plea Agreement.

Id. ¶ 22.

The Probation Office prepared a Presentence Investigation Report (PSR). The probation officer determined that Petitioner qualified as an Armed Career Offender based on three prior offenses: Aggravated Battery (Kankakee County Case No. 00-CF-33); Burglary and Larceny of a Church (Franklin County, Mississippi, Circuit Court, Case No. 02-KR-008); and Delivery of a Controlled Substance within 1,000 Feet of a Church (Kankakee County Circuit Court, Case No. 06-CF-639). PSR ¶ 26. The PSR also reflected that Petitioner was subject to a sentence of 15 years to life imprisonment. PSR ¶ 63 (citing 18 U.S.C. §§ 922(g)(1) and 924(e)(1)). Petitioner made no objections to the PSR. See Case No. 00-cr-20011 PSR at 18; March 10, 2011 Minute Entry.

In March 2011, United States District Judge Michael P. McCuskey sentenced Petitioner to the 212-month sentence agreed

to by the parties in the Plea Agreement.  Petitioner did not file an appeal.

In August 2015, Petitioner filed his § 2255 Motion.  Because of Judge McCuskey's retirement from his position as a District Court Judge, this case has been assigned to this Court.

## II. ANALYSIS

In Johnson v. United States, 135 S. Ct. 2551 (2015), the United States Supreme Court invalidated the residual clause of the Armed Career Criminal Act, holding that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process."  The Johnson decision announced a new substantive rule of constitutional law that the Supreme Court has made retroactive to final convictions.  Price v. United States, 795 F.3d 731, 732 (7th Cir. 2015).

In his § 2255 Motion, Petitioner argues that his burglary and aggravated battery convictions qualified as predicate offenses under the residual clause of the Armed Career Criminal Act. (Petitioner does not challenge his qualifying drug conviction). Petitioner therefore argues that, in light of Johnson, those

convictions no longer qualify as predicate offenses and the sentencing court erred in sentencing Petitioner as an Armed Career Criminal.

The Government filed a Response (d/e 4), arguing that (1) Petitioner waived his right to bring a collateral attack in his Plea Agreement; (2) Petitioner's claims have been procedurally defaulted; (3) Petitioner's claim under Descamps v. United States, 133 S. Ct. 2276, 2282 (2013) (holding that a court "may not apply the modified categorical approach when the crime of which the defendant was convicted has a single, indivisible set of elements") is untimely; (4) Descamps does not apply retroactively; and (5) Petitioner's claims should be denied on the merits because none of Petitioner's three qualifying convictions were based on the residual clause of the Armed Career Criminal Act addressed in Johnson or are otherwise affected by Descamps.

The Court agrees that Petitioner waived his right to bring a collateral attack in his Plea Agreement.  A defendant may validly waive the right to collaterally attack his conviction or sentence as part of a valid plea agreement.  Keller v. United States, 657 F.3d 675, 681 (7th Cir. 2011) (citing Jones v. United States, 167 F.3d

1142, 1144-45 (7th Cir. 1999)). Courts generally uphold and enforce such waivers with limited exceptions. The limited exceptions include when the plea agreement was involuntary, the district court relied on a constitutionally impermissible factor at sentencing, the sentence exceeded the statutory maximum, or the defendant claims ineffective assistance of counsel for performance directly related to negotiation of the plea agreement. Keller, 657 F.3d at 681(citing Jones, 167 F.3d at 1144-45); see also DOJ Press Release, http://www.justice.gov/opa/pr/attorney-general-holder-announces-new-policy-enhance-justice-departments-commitment-suppoet (last visited April 5, 2016) (providing that the DOJ has instructed "prosecutors to decline to enforce waivers that have already been signed in cases where defense counsel provided ineffective assistance of counsel resulting in prejudice or where the defendant's ineffective assistance claim raises a serious issue that the court should resolve"). Petitioner's claim does not fall within any of these exceptions.

However, even if the Court were to find that the claim is not waived, Petitioner is not entitled to relief because none of his

qualifying convictions were based on the residual clause of the Armed Career Criminal Act.

An explanation of the Armed Career Criminal Act is necessary to put Petitioner's claim in context. Generally, the penalty for the offense of Felon in Possession of a Firearm, 18 U.S.C. § 922(g), is up to 10 years' imprisonment. 18 U.S.C. § 924(a)(2). However, if a defendant violates § 922(g) and has three previous convictions for a violent felony or a serious drug offense, or both, the Armed Career Criminal Act increases the sentence to a term of imprisonment of not less than 15 years and up to life. 18 U.S.C. § 924(e)(1); Johnson, 135 S. Ct. at 2555.

The Act defines a violent felony as:

> [A]ny crime punishable by imprisonment for a term exceeding one year . . . that—
>
>   (i) has as an element the use, attempted use, or threatened use of physical force against the person or another; or
>
>   (ii) is burglary, arson, or extortion, involves use of explosives, or <u>otherwise involves conduct that presents a serious potential risk of physical injury to another</u> [.]

18 U.S.C. § 924(e)(2)(B) (emphasis added). The underlined portion is referred to as the "residual clause." The other portions are

referred to as the "elements clause" (18 U.S.C. § 924(e)(2)(B)(i)) and the "enumerated clause" (the portion listing burglary, arson, extortion, and offenses that involve the use of explosives).  See Taylor v. United States, No. 12-CR-30090-MJR, 2015 WL 7567215, at *13 (S.D. Ill. Nov. 25, 2015) (noting that, until Johnson was decided, "a prior conviction could qualify as a violent felony under three different sections of the ACCA—the elements clause, the enumerated clause, or the residual clause").

To determine whether a prior conviction qualifies as a violent felony under the Armed Career Criminal Act, courts use the "categorical approach."  See Taylor v. United States, 495 U.S. 575, 600 (1990); United States v. Rogers, 804 F.3d 1233, 1236 (7th Cir. 2015) ("The 'elements-centric' categorical approach is an established method of evaluating whether prior convictions count for purposes of some sentence-enhancement statutes, most notably the Armed Career Criminal Act").  Under the categorical approach, the court looks at the elements of the statute of the prior conviction, not the particular facts that underlie the conviction.  Taylor, 495 U.S. at 600.

For example, when determining whether a prior conviction falls within the enumerated clause (burglary, arson, extortion, and offenses involving explosive devices), the court compares "the elements of the statute forming the basis of the defendant's conviction with the elements of the 'generic' crime—i.e. the offense as commonly understood." Descamps, 133 S. Ct. at 2281. If the statute forming the basis of the underlying conviction is the same or more narrow than the generic offense, the prior conviction qualifies as a predicate offense under the Armed Career Criminal Act. Id.

In some instances, the statute forming the basis of the underlying conviction is divisible. That is, that "statute sets out one or more elements of the offense in the alternative" and one alternative matches the elements in the generic offense while another alternative does not. Descamps, 133 S. Ct. 2281.

One such example is a divisible burglary statute. The elements of a generic burglary are an "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." Taylor, 495 U.S. at 599. If a statute forming the basis of the underlying conviction provides that a burglary involves

entry into a building or an automobile, only the entry into the building matches the elements of a generic burglary. Descamps, 133 S. Ct. at 2281. Under the modified categorical approach, the court faced with a divisible burglary statute can look at a "limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction." Descamps, 133 S. Ct. at 2281. The court then compares the elements of the crime of conviction with the elements of the generic crime. Id.

In this case, Petitioner argues that the Mississippi burglary statute is a divisible statute because it contains alternative versions of the crime, some of which do not qualify as a generic burglary. The Mississippi burglary statute provides:

> (1) Every person who shall be convicted of breaking and entering, in the day or night, any shop, store, booth, tent, warehouse, or other building or private room or office therein, water vessel, commercial or pleasure craft, ship, steamboat, flatboat, railroad car, automobile, truck or trailer in which any goods, merchandise, equipment or valuable thing shall be kept for use, sale, deposit, or transportation, with intent to steal therein, or to commit any felony, or who shall be convicted of breaking and entering in the day or night time, any building within the curtilage of a dwelling house, not joined to, immediately connected with or forming a part

> thereof, shall be guilty of burglary, and imprisoned in the penitentiary not more than seven (7) years.
>
> (2) Any person who shall be convicted of breaking and entering a church, synagogue, temple or other established place of worship with intent to commit some crime therein shall be punished by imprisonment in the penitentiary not more than fourteen (14) years.

Miss. Code Ann. § 97-17-33.

According to Petitioner, the sentencing court did not look at any materials to determine whether Petitioner's prior burglary conviction was for breaking or entering a building or structure, as opposed to, for example, an automobile. Therefore, Petitioner argues, the sentencing court must have relied on the residual clause when finding that the burglary conviction qualified as a violent felony.[1] As such, according to Petitioner, the burglary conviction cannot stand as a violent felony in this case in light of Johnson's invalidation of the residual clause.

Of course, if the sentencing court did not review any materials to determine which alternative of the statute formed the basis of Petitioner's Mississippi burglary conviction it was likely

---

[1] The Government argues that Petitioner's claim is based on Descamps, and that he cannot bring such a claim because it is untimely and Descamps does not apply retroactively. Resp. at 9-14 (d/e 4). The Court does not interpret Petitioner's claim as one brought under Descamps (which limited the modified categorical approach to divisible statutes).

because Petitioner agreed he was an Armed Career Criminal in the Plea Agreement.  Nonetheless, the PSR shows that the indictment in the Mississippi case charged Petitioner with breaking into and entering a church and stealing musical equipment.  PSR ¶ 32.  And the sentencing judge was entitled to assume that the summary of the indictment contained in the PSR was accurate.  See United States v. Aviles-Solarzano, 623 F. 3d 470, 475 (7th Cir. 2010) (noting "[t]here is no reason to go digging for a state-court indictment if the parties agree on what it says").  Therefore, the record shows that Petitioner was convicted under the alternative of the Mississippi statute that has the same elements as the generic burglary.  Petitioner's burglary conviction qualified as a violent felony under the elements clause, not the residual clause, and Johnson has no application to this prior conviction.

Petitioner also argues that his Illinois aggravated battery conviction does not constitute a violent felony.  Petitioner argues that aggravated battery is not one of the enumerated offenses in the Armed Career Criminal Act and, therefore, the aggravated battery conviction could only have been found to qualify as a

predicate offense under the residual clause, which has been invalidated under Johnson.  The Court disagrees.

A violent felony under the Armed Career Criminal Act includes any felony that "has as an element the use, attempted use, or threatened use of physical force against the person or another[.]" 18 U.S.C. § 924(e)(2)(B)(i); see also Johnson v. United States, 559 U.S. 133, 140 (interpreting "physical force" in the context of a violent felony to mean "force capable of causing physical pain or injury to another person").  In Illinois, a person commits battery "if he intentionally or knowingly without legal justification and by any means, (1) causes bodily harm to an individual or (2) makes physical contact of an insulting or provoking nature with an individual." 720 ILCS 5/12-3 (West 2000).  A defendant commits aggravated battery (so far as relates to this case), if he, in committing a battery, "[u]ses a deadly weapon other than by the discharge of a firearm." 720 ILCS 5/12-4(b)(1).

Because there is more than one way of committing a battery, the mere fact that Petitioner committed an aggravated battery is insufficient to determine whether Petitioner committed a crime that

necessarily involved physical force.  See United States v. Rodriguez-Gomez, 608 F.3d 969, 973 (7th Cir. 2010).  The Seventh Circuit has found that an Illinois aggravated battery based on causing bodily harm—the first prong of the battery statute—involves physical force while an aggravated battery based on contact of an insulting or provoking nature—the second prong of the battery statute—does not.  Compare Hill v. Werlinger, 695 F.3d 644, 649-50 (7th Cir. 2012) (holding that an aggravated battery conviction under the first prong of the Illinois battery statute—"causes bodily harm to an individual"—has as an element "the use, attempted, use, or threatened use of physical force" such that the conviction qualifies as a violent felony under the Armed Career Criminal Act) with United States v. Evans, 576 F.3d 766, 767 (7th Cir. 2009) (use of physical force was not an element of the offense of aggravated battery under Illinois law based on making insulting or provoking physical contact with a pregnant woman).  Therefore, the sentencing court should have determined whether Petitioner was convicted under the first or second prong of the battery statute, which the court could have done by looking at a limited

number of documents, such as the charging document and the Plea Agreement.

As this Court found regarding the prior conviction of burglary, the sentencing court may not have reviewed other documents because Petitioner did not object to his classification as an Armed Career Criminal.  However, the record demonstrates that the sentencing court properly found that the aggravated battery conviction was a violent felony under the elements clause and not under the residual clause of the Armed Career Criminal Act.

The PSR indicates that the charging document in the Illinois case alleged that Petitioner "caused bodily harm to Richard Anthony Culp when the [Petitioner] struck Culp about the head with a baseball bat (a deadly weapon)[,]" and Petitioner pleaded guilty.  PSR ¶ 31.  Therefore, Petitioner was charged with committing, and pleaded guilty to, a battery by causing bodily harm, and the battery was elevated to an aggravated battery because Petitioner used a deadly weapon.  As noted, a conviction under the first prong of the battery statute—"causes bodily harm to an individual"—has as an element "the use, attempted use, or threatened use of physical force" such that the conviction qualifies

as a violent felony under the Armed Career Criminal Act.  See Hill, 695 F.3d at 649-50; see also, e.g., United States v. Rodriguez-Gomez, 608 F.3d 969, 973 (7th Cir. 2010) (finding that the defendant's aggravated battery conviction had as an element the use, attempted use, or threatened use of physical force where the Government's submission to the probation officer quoting the indictment alleged that the defendant, by kicking a police officer, knowingly and intentionally caused bodily harm, thus indicating that the defendant was convicted under the first prong of the battery statute).  Consequently, Petitioner's aggravated battery conviction qualified as a predicate offense under the elements clause, not the residual clause.

In sum, none of Petitioner's qualifying convictions were based on the residual clause of the Armed Career Criminal Act.  Therefore, Johnson has no application to this case, and Petitioner is not entitled to relief under Johnson.

### III. CERTIFICATE OF APPEALABILITY

If Petitioner seeks to appeal this decision, he must first obtain a certificate of appealability.  See 28 U.S.C. § 2253(c) (providing that an appeal may not be taken to the court of appeals from the

final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability). A certificate of appealability may issue only if Petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In addition, when a § 2255 motion is denied on procedural grounds, a certificate of appealability should issue only when the petitioner shows that reasonable jurists "would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

    Here, Petitioner has not made a substantial showing of the denial of a constitutional right or that a reasonable jurist would find it debatable whether the district court was correct in its procedural ruling. Therefore, the Court denies a certificate of appealability.

## IV. CONCLUSION

For the reasons stated, Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (d/e 1) is DENIED.  The Court denies a certificate of appealability.  This case is CLOSED.

**ENTER: April 5, 2016**

**FOR THE COURT:**

<u>    s/Sue E. Myerscough</u>
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**